IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04042-RBJ

MARLONE NUICK FICK,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner Marlone Nuick Fick's ("petitioner" or "Mr. Fick") Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Among other relief, petitioner seeks an order granting his immediate release after transfer back to Massachusetts, immediate release here with payment for transport back to Massachusetts provided, or an individualized bond hearing before a neutral arbiter within seven days. *Id.* at 12–13. Respondents have declined to submit an opposition brief. ECF No. 8. For the reasons below, the Court finds that Mr. Fick's mandatory detention is unlawful and orders his immediate release.

## I. Background

Mr. Fick is a Brazilian national who entered the United States in 2021. ECF No. 1 at ¶ 9. He was released into the United States after being briefly apprehended shortly after his entry. *Id.* at ¶ 15. From 2021 to 2026, Mr. Fick resided in Massachusetts. *Id.* at ¶ 16.

On August 24, 2026, Mr. Fick appeared in front of the Malden District Court in Malden, Massachusetts in connection with a pending state criminal case. *Id.* at ¶ 17. Immigration and Customs Enforcement ("ICE") officers arrested Mr. Fick and took him into custody. *Id.* ICE transferred Mr. Fick from Massachusetts to the Denver Contract Detention Facility in Aurora, Colorado, where he remains detained. *Id.* at ¶¶ 19, 21. Petitioner was issued a Notice to Appear on August 27, 2026. *Id.* at ¶ 20. The Government has since treated Mr. Fick as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶ 21. He has not received an individualized bond hearing. *Id.* at ¶ 22.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and

constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

### a. Mr. Fick's detention is unlawful.

The Government does not dispute that they have treated Mr. Fick as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that § 1225(b)(2)(A) only authorizes mandatory detention of individuals "seeking to enter the United States at the border." *Id.* at 1239. On the other hand, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)[.]" *Id.* at 1237.

Here, Mr. Fick was detained by ICE at a court in Massachusetts, not at the border while seeking entry. At the time, he had lived in the United States for approximately five years. Under *Quiroz*, Mr. Fick is not "seeking admission" such that § 1225(b)(2)(A) applies to him. Thus, Mr. Fick's continued mandatory detention without a bond hearing is unlawful.

**b. Release is the appropriate remedy.**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release and transportation back to Massachusetts is the appropriate remedy. Courts in this district have found that "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Respondents do not contest whether release is an appropriate remedy. ECF No. 8 at 2. Further, petitioner's transfer to Colorado has separated him approximately 2,000 miles from his counsel, family, and community. ECF No. 1 at ¶ 19. This separation is unwarranted. As such, transport back to Massachusetts is appropriate to enable the petitioner to appear in his pending state criminal proceedings.

**IV. Conclusion**

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order.

2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his August 24, 2026 arrest.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.
4. Respondents SHALL return to the petitioner any personal property belonging to the petitioner that they possess.
5. Respondents SHALL arrange and pay for petitioner's transport back to Massachusetts.
6. Respondents SHALL NOT remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: September 22, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge